883 F.2d 1026
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry EIKER, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 88-3448.
 United States Court of Appeals, Federal Circuit.
 July 11, 1989.
 
 Before FRIEDMAN, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and BISSELL, Circuit Judge.
 JACK R. MILLER, Senior Circuit Judge.
 
 DECISION
 
 1
 On review of the record and opinion of the Merit Systems Protection Board (MSPB), No. AT07528810204, we are satisfied that the decision of the MSPB, 37 M.S.P.R. 484 (1988), was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, rule, or regulation or not supported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982). Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). The testimony credited by the Administrative Judge (AJ) and circumstantial elements of this case constitute substantial evidence supporting the decision. We affirm.
 
 OPINION
 
 2
 Like the AJ, we attach particular significance to Payton-Thornton's testimony that Eiker came to her and said that he had seen her on June 28 and had observed that she was wearing a pink blouse when, in fact, Payton-Thornton testified that she had been wearing military camouflage fatigues; also to the fact that Eiker did not initial the safe or Cabinet Security Record, supporting a conclusion that he was not present for work on June 28; and, further, to the fact that no one was able to corroborate Eiker's presence for work on June 28, whereas the presence of Cunningham, Barnett, Adkins, and Payton-Thornton was corroborated. Nor has appellant shown that the Board's determination of no bias was incorrect.
 
 
 3
 We are not persuaded that the AJ erred in concluding that Eiker's version of the June 28 events is inherently improbable and that the more credible evidence supports the AJ's position. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). At the very least, these are judgment calls to which some deference to the MSPB should be granted.
 
 
 4
 With respect to Eiker's argument that there is "no evidence of reckless disregard with regard to Eiker's recording of time, or otherwise," we agree with the government that, given the AJ's finding that Eiker knew he did not work on the date in question, he purposely misrepresented himself as having worked on that date. In such a situation, the AJ correctly determined "reckless disregard."
 
 
 5
 Also, we reject appellant's arguments on the propriety of the penalty. Removal is well within the recommended range of penalties for a first offense of falsifying documents.
 
 
 6
 Finally, petitioner seeks this court's review of the March 16, 1988 rehearing order, but has not persuaded us that the order was wrong.